JOHN PARROTT, RESPONDENT, *v.* JOSEPH SAWYER, APPELLANT.

*Additional allowance—when a motion therefor may be entertained after a judgment absolute has been ordered by the Court of Appeals.*

Upon a motion for a new trial, upon exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff, directed by the court, the General Term sustained the exceptions and ordered a new trial. Upon an appeal taken to the Court of Appeals, that court affirmed the judgment of the General Term and ordered judgment absolute against the plaintiff, upon his stipulation, with costs.

*Held,* that the Special Term had power, upon the remittitur, to entertain a motion made by the defendant for an additional allowance.

APPEAL from an order of the Special Term, denying a motion for an additional allowance.

This action was brought against the defendant as a stockholder in the New York and Grass Valley Mining Company, for the recovery of a debt of that company to the plaintiff, to the amount of $20,000, on an alleged individual liability of the defendant for the debts of the company.

The action was originally tried at the circuit. The court directed a verdict in favor of plaintiff for $20,000, gave the plaintiff an additional allowance of $500 and directed defendant's exceptions to be heard in the first instance at the General Term.

The General Term sustained the defendant's exceptions and ordered a new trial, with costs to abide the event. From this determination plaintiff appealed to the Court of Appeals, giving the usual stipulation.

The Court of Appeals affirmed the determination of the General Term, and ordered judgment absolute against the plaintiff upon his stipulation, with costs.

Before entering this judgment upon the remittitur from the Court of Appeals, the defendant moved for an allowance of five per cent on the amount of the plaintiff's claim in the action.

The learned justice, in denying this motion, said : " The decision of the General Term of the Superior Court in *Eldridge* v. *Strenz* (39 Supr. Ct. R., 295), and of the Court of Appeals in *McGregor* v.

*Buel* (1 Keyes, 153) are conclusive authorities, in my opinion, against the power of this court to grant the allowance asked for. Motion denied, but without costs."

*W. S. Wilson,* for the appellant.

*J. H. Fay,* for the respondent.

By THE COURT:

The order in this case is undoubtedly appealable to this court, and inasmuch as it is based solely upon the question of power in the Special Term to make the order, it is probably appealable to the Court of Appeals. On the appeal to the General Term from the judgment in this case upon exceptions, the judgment was reversed and a new trial granted, and on further appeal to the Court of Appeals the determination of this court was affirmed, and judgment absolute ordered against the plaintiff upon his stipulation, with costs.

The only question is whether the Special Term had power, upon the remittitur, to entertain a motion for an additional allowance. We are of opinion that the form of the remittitur from the Court of Appeals did not preclude such a motion, and that the defendant was at liberty to apply to the discretion of the Special Term for such allowance.

The application was denied on the ground that the granting of such allowance would be adding to the judgment of the Court of Appeals, and for that reason solely, under the authority of *Eldridge* v. *Strenz* (39 Supr. Ct., 295), and of the Court of Appeals in *McGregor* v. *Buel* (1 Keyes, 153), the court held that no power existed to entertain the motion.

The question is an interesting one, important to the profession, and should be determined by the court of last resort. We do not consider the cases cited as determining the proposition involved in the motion.

Order reversed purely on the question of power, without costs to either party.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, without costs.